## Bernecker, to use, v. Litzenberger

*Groman & Rapoport,* for trustee; *Oliver W. Frey,* for defendant.

RENO, P. J., May 15, 1933.—John Bernecker was plaintiff in a judgment against Nathan Litzenberger. Bernecker has been adjudicated a bankrupt, and his trustee is use-plaintiff. Litzenberger is deceased, and his estate is in process of settlement in the orphans' court. As appears in the answer, hereinafter referred to, decedent's executrices filed a first and partial account in that court, showing payment of part of the judgment, and upon the audit thereof the judgment was presented as a claim against the estate. The orphans' court "directed [the executrices] to pay the balance of the claim as soon as funds are available and take credit in their account when the same is filed."

Thereafter, the use-plaintiff sued out a writ of sci. fa. commanding the executrices to show cause why the use-plaintiff "should not have execution against the lands of the testator, Nathan Litzenberger, now in the hands of his executrices, Clara Swartz and Eleanora Boyer, as also against the personal property of the said testator." To the sci. fa. the executrices answered that the claim had been presented to and adjudicated by the orphans' court, and they now contend that the orphans' court has exclusive jurisdiction of the claim. The matter was placed upon the argument list, and there is before us the bare sci. fa. and the answer thereto.

The sci. fa. evidently rests upon the Fiduciaries Act of June 7, 1917, P. L. 447, section 15 (*i*) of which provides: "No execution for the levy or sale of any real or personal estate of any decedent shall be issued upon any judgment obtained against him in his lifetime, unless his personal representatives have been first warned by a writ of scire facias to show cause against the issuing thereof". The

sci. fa. contemplated by the act is judicial process. That it is, like other species of the sci. fa., founded upon a judicial record is beside the point we are about to make. The point is that the sci. fa. is process. It is not a rule, although it does command a party to show cause. Since it is process, the subsequent proceedings must follow the course of an ordinary lawsuit, except that the sci. fa., together with the record upon which it is founded and to which it refers, is also a declaration. To the declaration thus made the defendant must file, not an answer, but an affidavit of defense. For his failure to file an affidavit of defense, judgment may be taken by default, or the sufficiency of the affidavit may be tested by a rule. If the affidavit is deemed sufficient in law, the defendant must be ruled to plead and the case goes to trial upon the plea. See 3 Troubat & Haley, Practice, 2511-2523, 2789-2802; Patton, Practice, 315, 322-323; Johnson, Practice, 690-694; Brewster's Practice, passim.

It follows that the sci. fa. and answer present no question for the decision of the court. If the use-plaintiff contends that the answer is insufficient to prevent judgment, he may test it by a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense. If he contends that the facts set out in the answer (which, by the way, may be treated as an affidavit of defense) are untrue, he may, after plea, set the case down for trial. Until either is done there is nothing before us for decision, and the only order we can now make is to strike the case from the argument list.

Now, May 15, 1933, the case is stricken off the argument list.

From Edwin L. Kohler, Allentown, Pa.